92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Chukwu E. AZUBUKO, Plaintiff, Appellant,
v.
The FIRST NATIONAL BANK OF BOSTON, Their Board of Directors,
Defendant, Appellee.
 No. 96-1564.
 United States Court of Appeals, First Circuit.
 Aug. 7, 1996.
 
 Chukwu E. Azubuko on Reply to Motion for Summary Disposition.
 Robert L. Klivans on Motion for Summary Disposition for appellee.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Chukwu E. Azubuko appeals from the district court's dismissal of his complaint against appellee First National Bank of Boston. Appellee has moved for summary disposition of the matter under Local Rule 27.1, arguing that the appeal does not present any substantial questions. We agree.
 
 
 2
 1. Subject Matter Jurisdiction. Appellant appears to confuse personal jurisdiction over a defendant with subject matter jurisdiction over a cause of action. Only the latter type of jurisdiction is in question in this case. In this context, then, we first note that appellant's claims plainly do not "aris[e] under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Rather, he is asserting state law claims. Under 28 U.S.C. § 1332(a), the district court has jurisdiction over such actions where the controversy is between "citizens of different States." Appellant does not dispute that defendant is a citizen of Massachusetts.
 
 
 3
 For individuals, citizenship is equated with "domicile." See Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir.1988). Domicile, in turn, requires a home and physical presence in a state. Id. Appellant states that he is a resident of Massachusetts; he does not claim citizenship in any other jurisdiction. Thus, he is deemed a citizen of the Commonwealth. See id. As such, the controversy is between citizens of the same state and, diversity missing, the district court lacked subject matter jurisdiction over the action.
 
 
 4
 2. Review of State Court Judgments.
 
 
 5
 Appellant plainly is attacking the state court judgment against him on the same claim that he is now asserting. The Rooker-Feldman doctrine prohibits lower federal courts such as the district court and this one from reviewing state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Even if appellant's federal claims never were presented in state court, they are "inextricably intertwined" with that judgment, thereby barring review by this or the district court. See Ritter v. Ross, 992 F.2d 750, 753-54 (7th Cir.1993) (quoting Feldman, 460 U.S. at 483 n. 16) (internal quotation marks omitted), cert. denied, 510 U.S. 1046 (1994).
 
 
 6
 3. Notice. The district court in its endorsement granting appellee's motion to dismiss gave three reasons for its actions. Although succinct, we think that they were sufficient. Given the basic flaws in the complaint, and defendant's memorandum explaining the nature of the jurisdictional flaw, appellant was adequately apprised of the reasons for the dismissal.
 
 
 7
 We therefore summarily affirm the judgment of the district court. See Local R. 27.1. Appellant's motions to proceed in forma pauperis and without briefs are denied as moot.